FILED
2011 Nov-10 PM 01:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **FRANKIE THOMAS ROGERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 2:11-CV-2435-VEH** |
| | ) |
| **CITY OF TARRANT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION

**I.   INTRODUCTION**

*Pro se* Plaintiff Frankie Thomas Rogers ("Mr. Rogers") initiated this civil rights case against the City of Tarrant, the United States, and Judge David Lichtenstein ("Judge Lichtenstein") on July 5, 2011.  (Doc. 1). Pending before the court is Judge Lichtenstein's Motion to Dismiss Or in the Alternative Motion for Summary Judgment (Doc. 10) (the "Motion") filed on August 2, 2011.  Because Mr. Rogers is representing himself in this lawsuit, on August 3, 2011, the court gave him express notice of the Motion and an explanation of Rule 56 of the Federal Rules of Civil Procedure consistent with the requirements set forth in *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985).  (Doc. 11 at 1-2; *id.* at attached notice).

This Notice and Scheduling Order also advised Mr. Rogers about Appendix II

of the court's Uniform Initial Order (Doc. 5) entered on July 6, 2011, which applies to filing and opposing motions for summary judgment. (Doc. 11 at 1). On August 17, 2011, Mr. Rogers filed his response to the Motion. (Doc. 16). For the reasons explained below, Judge Lichtenstein's Motion is due to be **GRANTED**.

## II.   STANDARDS

### A.   *Pro Se* Pleadings

As an initial matter, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). Accordingly, Mr. Rogers's allegations asserted against Judge Lichtenstein are not appropriately subject to dismissal simply because they lack procedural precision or completeness in the context of Rule 8 of the Federal Rules of Civil Procedure.

### B.   **Summary Judgment Generally**

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'"  *Int'l Stamp v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).  Finally, "[i]f the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense."  *Int'l Stamp*, 456 F.3d 1270, 1275 (11th Cir. 2006) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

**III.  ANALYSIS**

Mr. Rogers's federal complaint centers upon his prior appeal of a state court criminal conviction, originating in the Municipal Court for the City of Tarrant, and Judge Lichtenstein's alleged improper conduct regarding that appeal. (Doc. 1 at 1-2). More specifically, Mr. Rogers challenges Judge Lichtenstein's authority to hear appeals as a circuit judge within the Circuit Court of Jefferson County, and further complains that Judge Lichtenstein unfairly denied his petition to proceed *in forma pauperis* when he attempted to appeal his conviction to the Alabama Court of Criminal Appeals. (Doc. 1 at 2).

Unlike state courts, federal tribunals are bodies of limited jurisdiction, meaning that the grounds for the court's jurisdiction must be present at the time the complaint is filed and must be obvious on the face of the complaint. Fed. R. Civ. P. 8(a); 28 U.S.C. § 1330, *et seq*. The law is clear that Mr. Rogers, the person seeking to invoke federal jurisdiction in this case, has the burden to demonstrate that the court has subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). Lack of subject matter jurisdiction cannot be waived or expanded by judicial interpretation, and a jurisdictional deficiency can be raised at any time by either the parties or the court. *Sosna v. Iowa*, 419 U.S. 393, 398 (1975); *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

To the extent that Mr. Rogers seeks to undo the state court judgment entered against him for theft of property,[1] the court's subject matter jurisdiction is called into question by the *Rooker-Feldman* abstention doctrine. Under this doctrine, a federal court does not have the power to review the final judgment of a state court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (describing *Rooker-Feldman* as doctrine prohibiting "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those

---

[1] (Doc. 12-1 at 12).

4

judgments"); *Biddulph v. Mortham*, 89 F.3d 1491, 1495 n.1 (11th Cir. 1996) ("The existence of this state court ruling calls our subject matter jurisdiction into question under the *Rooker-Feldman* abstention doctrine.").

Here, while Mr. Rogers does not expressly seek to reopen his criminal case, his complaints about Judge Lichtenstein's lack of judicial authority and inappropriate handling of his *in forma pauperis* petition constitute collateral attacks upon the validity of the jury verdict and judgment entered by the Municipal Court for the City of Tarrant, which was subsequently affirmed by the Circuit Court of Jefferson County and which became a final judgment on April 1, 2011, when the Alabama Court of Criminal Appeals entered a Certificate of Judgment on the conviction due to Mr. Rogers's failure to pay a docket fee.[2] *Cf. Powell v. Powell*, 80 F.3d 464, 466 ("The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment.") (11th Cir. 1996) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)).

Additionally, Mr. Rogers's prayer for injunctive relief implicitly suggests that he wants to have his underlying conviction undone as he "demands of this court to order these fictitious entities to cease and desist from the disturbance of my peace,

---

[2] (Doc. 12-1 at 17).

restore his property . . . ." (Doc. 1 at 3). Finally, nothing contained in Mr. Rogers's opposition alters the above analysis. Accordingly, the Motion is due to be **GRANTED** on jurisdictional grounds, and all claims asserted by Mr. Rogers against Judge Lichtenstein tied to the invalidity of and/or seeking somehow to set aside the underlying state court criminal proceedings are due to be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Additionally, and to the extent that Mr. Rogers seeks relief against Judge Lichtenstein in the form of monetary damages (*see* (Doc. 1 at 3) (demanding court to "compensate him for his injuries and cost of defending his rights")), Judge Lichtenstein also asserts that he "is entitled to absolute judicial immunity for his actions as a Judge in the Plaintiff's underlying case." (Doc. 10 ¶ 6). As the Eleventh Circuit has summarized the doctrine of judicial immunity:

> Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356, 98 S. Ct. 1099.

*Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

Here, Judge Lichtenstein has affirmatively shown that absolute judicial

immunity bars against any monetary damages that Mr. Rogers seeks to recover from him because all the allegations of alleged misconduct on his part are inextricably intertwined with his role and actions as a judge. Again, Mr. Rogers's opposition does not bring into question the validity of the foregoing analysis. Therefore, the Motion is also due to be **GRANTED** as to all claims for monetary damages on the basis of absolute judicial immunity.

### III.   CONCLUSION

Accordingly, by separate Order entered contemporaneously herewith, the Motion will be **GRANTED** for the reasons stated herein, and all claims asserted against Judge Lichtenstein will be **DISMISSED**.[3]

**DONE** this the 10th day of November, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[3] Because the court has granted the Motion on jurisdictional and absolute judicial immunity grounds, it does not reach the merits of the other bases offered by Judge Lichtenstein in support of dismissal.