FILED
 2011 Nov-10 PM 01:45
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FRANKIE THOMAS ROGERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:11-CV-2435-VEH |
| | ) |
| **CITY OF TARRANT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

*Pro se* Plaintiff Frankie Thomas Rogers ("Mr. Rogers") initiated this civil rights case against the City of Tarrant, the United States, and Judge David Lichtenstein ("Judge Lichtenstein") on July 5, 2011. (Doc. 1). Pending before the court is the City of Tarrant's Motion for Summary Judgment (Doc. 12) (the "Motion") filed on August 5, 2011. Because Mr. Rogers is representing himself in this lawsuit, on August 3, 2011, the court gave him express notice of the Motion and an explanation of Rule 56 of the Federal Rules of Civil Procedure consistent with the requirements set forth in *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). (Doc. 11 at 1-2; *id.* at attached notice).

This Notice and Scheduling Order also advised Mr. Rogers about Appendix II

of the court's Uniform Initial Order (Doc. 5) entered on July 6, 2011, which applies to filing and opposing motions for summary judgment. (Doc. 11 at 1). Mr. Rogers chose not to file anything in response to the Motion. For the reasons explained below, the City of Tarrant's Motion is due to be **GRANTED**.

## II. STANDARDS

### A. *Pro Se* Pleadings

As an initial matter, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). Accordingly, Mr. Rogers's allegations asserted against Judge Lichtenstein are not appropriately subject to dismissal simply because they lack procedural precision or completeness in the context of Rule 8 of the Federal Rules of Civil Procedure.

### B. Summary Judgment Generally

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Finally, "[i]f the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *Int'l Stamp*, 456 F.3d 1270, 1275 (11th Cir. 2006) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

  **C.**  **Unopposed Motions for Summary Judgment**

  Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S.

at 322-23; *see* Fed. R. Civ. P. 56(a)-(b).

>Rule 56(e) of the Federal Rules of Civil Procedure provides in part:
>
>>When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, although a court may not a grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are not disputed issues of material fact and that she is entitled to judgment as a matter of law.

More specifically regarding a nonmovant's failure to oppose summary judgment, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam)). While this court is not required to examine every item of evidence before it when considering a motion for summary judgment, it must make certain that the motion is "supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

At the very least, this court must consider all the evidence submitted by the movant in support of its motion. *Id.* (citing *Jeroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) (". . . the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.")). The movant must demonstrate an absence of a genuine issue of material fact; if the movant fails to meet his burden, this court may deny the motion, without regard to whether the nonmovant has filed a response. *Hibernia Nat'l Bank*, 776 F.3d at 1279 (citing *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985)). However, if the nonmovant has not supplied the court with a response to dispute any issue of fact, this court may receive the movant's factual account as "a *prima facie* showing of its entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (citing *Matsushita*, 475 U.S. at 586-87, 106 S. Ct. at 1356).

### III.   ANALYSIS

#### A.   The court lacks subject matter jurisdiction over Mr. Rogers's claims against the City of Tarrant.

In its Motion, the City of Tarrant observes that "Plaintiff's complaint is an improper attempt to challenge his criminal conviction after exhausting his appeal." (Doc. 12 at 5). While the City of Tarrant unhelpfully does not expressly cite to the

*Rooker-Feldman* abstention doctrine, implicitly it has been raised by the contents of the Motion. Moreover, because *Rooker-Feldman* involves the appropriateness of this court to exercise subject matter jurisdiction over a dispute, the court must independently examine the issue.

As this court has previously explained, under the *Rooker-Feldman* doctrine, a federal court does not have the power to review the final judgment of a state court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (describing *Rooker-Feldman* as doctrine prohibiting "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments"); *Biddulph v. Mortham*, 89 F.3d 1491, 1495 n.1 (11th Cir. 1996) ("The existence of this state court ruling calls our subject matter jurisdiction into question under the *Rooker-Feldman* abstention doctrine.").

Here, while Mr. Rogers does not expressly seek to reopen his criminal case, his complaints against the City of Tarrant constitute collateral attacks upon the validity of the judgment entered by the Municipal Court for the City of Tarrant, which was subsequently affirmed by the Circuit Court of Jefferson County and which became a final judgment on April 1, 2011, when the Alabama Court of Criminal Appeals

entered a Certificate of Judgment due to Mr. Rogers's failure to pay a docket fee.[1] *Cf. Powell v. Powell*, 80 F.3d 464, 466 ("The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment.") (11th Cir. 1996) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)).

Additionally, Mr. Rogers's prayer for injunctive relief implicitly suggests that he wants to have his underlying conviction undone as he "demands of this court to order these fictitious entities to cease and desist from the disturbance of my peace, restore his property . . . ." (Doc. 1 at 3). Mr. Rogers also seeks monetary relief relating to his conviction. (*Id.*). Accordingly, the Motion is **GRANTED** on jurisdictional grounds, and all claims asserted by Mr. Rogers against the City of Tarrant are due to be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### B. Procedurally, Mr. Rogers has failed to respond to the City of Tarrant's Motion.

Additionally, the City of Tarrant contends in the Motion that it is entitled to summary judgment on statute of limitation grounds. Applying the above summary

---

[1] (Doc. 12-1 at 17).

judgment standard to this case and to the extent that any of Mr. Rogers's claims against the City of Tarrant are deemed to arise outside of his challenge of the criminal judgment against him, the court concludes that the City of Tarrant has demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. More specifically, Mr. Rogers has not come forward with any evidence in response to the City of Tarrant's initial showing on summary judgment that his complaint was untimely filed. Pursuant to the court's summary judgment briefing order entered on August 5, 2011, the deadline for Mr. Rogers to file his written opposition to the Motion was September 12, 2011. (Doc. 14 at 2).

Moreover, Mr. Rogers has not sought relief to extend his deadline to respond to summary judgment. Therefore, from a procedural standpoint, Mr. Rogers has failed to meet his burden on opposition "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

### C.     Substantively, the claims that Mr. Rogers has asserted against the City of Tarrant are due to be dismissed on statute of limitations grounds.

The City of Tarrant actually makes two statute of limitations arguments. (Doc. 12 at 6-7). The court addresses the merits of the second one and agrees, only to the extent that any claims are found to jurisdictionally remain against the City of Tarrant,

that because Mr. Rogers filed his § 1983-based lawsuit against it outside of the applicable two-year statute of limitations as measured from his arrest date of June 18, 2009, all such claims are all time-barred.  *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 ("After *Owens*, the two-year limitations period of Ala. Code § 6-2-38( l) applies to section 1983 actions in Alabama.").  Accordingly, the Motion is also due to be **GRANTED** on statute of limitation grounds, and any claims that jurisdictionally survive the application of the *Rooker-Feldman* abstention doctrine as discussed above, are due to be **DISMISSED WITH PREJUDICE**.

## III.  CONCLUSION

Accordingly, by separate Order entered contemporaneously herewith, the Motion will be **GRANTED** for the reasons stated herein, and all claims asserted against the City of Tarrant will be **DISMISSED**.[2]

**DONE** this the 10th day of November, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2]  Because the court has granted the Motion on jurisdictional and statute of limitations grounds, it does not reach the merits of the other bases offered by the City of Tarrant in support of dismissal.